COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






JUAN CARRILLO,



 Appellant,



V.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-07-00013-CR




Appeal from the



243rd Judicial District Court



of El Paso County, Texas 



(TC# 20050D02762) 



O P I N I O N

 Juan Carrillo appeals his conviction for aggravated assault with a deadly weapon. He was
sentenced to 22 years' imprisonment. We affirm.

 Appellant was convicted of assaulting Mr. Daniel Salas with a knife in the early morning
of January 1, 2005. Mr. Salas was celebrating the new year with his friends, Mr. Edgar Moreno
and Mr. Guillermo Portillo, at the California Bar in El Paso. Appellant and his twin brother,
Sergio Carrillo, were also patrons of the bar that night. Mr. Salas, Mr. Moreno, and Mr. Portillo
arrived at the bar around 12:30 a.m. Sometime later, Mr. Moreno left his companions to use the
restroom. When he came out of the restroom some of the bar patrons were fighting. When
Mr. Moreno made his way to the front door, he saw Mr. Salas being chased down the street by
two men. Although, Mr. Moreno did not know their names at the time, he recognized the two
men because he had seen them in other local bars, and by the fact that they were identical twins.

 Mr. Salas testified that he ran away from the two men after the fighting began because he
saw one of the brothers reach into his pocket as if to pull out a weapon. After running a block
down the street, Mr. Salas was tackled to the ground. The two men began kicking and punching
him. At one point, as he was curled up on the ground, Mr. Salas felt his body become very "hot." 
Minutes later, he felt a severe pain in his back and realized he was bleeding from a large puncture
wound. After the attackers left him in the street, Mr. Salas tried to get away from the scene. He
solicited help from a pedestrian, who called emergency medical services.

 Mr. Moreno witnessed the attack. When he approached the twins and Mr. Salas, one of
the attackers turned and brandished a knife. Taking the knife as a threat, Mr. Moreno walked
away from the scene toward his car. When he got to his car, Mr. Moreno found Mr. Portillo. By
the time the two men got back to the location where Mr. Salas was beaten, emergency medical
services were already on the scene.

 The police also arrived on the scene and began asking Mr. Moreno what he had seen that
night. In the meantime, other El Paso Police Department officers secured the bar. They found
the bar owner, a few members of staff and a pair of identical twin men inside the bar. The
officers asked all the individuals in the bar to move outside, and conducted a pat-down search of
each person. The officers did not find any weapons on the individuals, but did notice that one of
the twin brother's had blood on his clothing. Several minutes later, a patrol car carrying
Mr. Moreno arrived for an on-the-scene identification. The officer in the patrol car shined a spot
light on each of the individuals who had been inside the bar in turn, as the officer's outside stood
them up and moved them forward for Mr. Moreno to see. Mr. Moreno identified Appellant and
his brother as the individuals who attacked Mr. Salas. After he was released from the hospital,
Mr. Salas also identified Appellant and his brother as his attackers. Mr. Salas' identifications
were via a police photo lineup for each suspect.

 Appellant and his brother were taken into custody following Mr. Moreno's identification. 
Appellant's case was tried to a jury, and he was convicted of aggravated assault. (1) On appeal, he
raises four issues. In Issue One, he challenges the trial court's denial of his motion to suppress
evidence. In Issue Two, he asserts that the trial court erred by admitting a witness statement into
evidence over counsel's hearsay objection. Issues Three and Four challenge the legal and factual
sufficiency of the evidence.

 In Issue One, Appellant argues that the trial court erred by denying his motion to suppress
evidence on the basis that the photo lineup in which Mr. Salas identified Appellant as one of his
attackers was impermissibly suggestive. We review a trial court's ruling on a motion to suppress
under a bifurcated standard. Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). 
When reviewing a trial court's suppression ruling, we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). The trial judge serves as the sole
trier of fact and judge of witness credibility and the weight to be given their testimony for
suppression purposes. Wiede v. State, 214 S.W.3d 17, 24-5 (Tex.Crim.App. 2007). When the
trial court's ruling turns on questions of historical fact, whether or not an evaluation of credibility
and demeanor was involved, we review the ruling for an abuse of discretion and give almost total
deference to the trial court's decision. See Amador, 221 S.W.3d at 673. However, when
application-of-law-to-fact questions do not turn on the credibility and demeanor of witnesses, we
review the trial court's rulings on those issues de novo. Amador, 221 S.W.3d at 673. The
evidence must be viewed in the light most favorable to the trial court's decision. Wiede, 214
S.W.3d at 24. The ruling will be upheld if it is supported by the record, and is correct under any
theory of law applicable to the case regardless of the trial court's stated basis. State v. Stevens,
235 S.W.3d 736, 740 (Tex.Crim.App. 2007).

 A separate photo array was used to identify each of the brothers prior to trial. Appellant
argues that because he and his brother are identical twins, once Mr. Salas choose one of the twins
from the first array, the second array was impermissibly suggestive due to the physical similarity
between he and his twin. A pretrial photographic lineup is impermissibly suggestive when the
identification procedures used by the police were so unnecessarily suggestive as to present a very
substantial likelihood of misidentification. Simmons v. United States, 390 U.S. 377, 384, 88
S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); Barley v. State, 906 S.W.2d 27, 32-3 (Tex.Crim.App.
1995). Suggestiveness may be created by the procedure used by the police when the lineup is
presented to the witness, or by the content of the lineup itself. Barley, 906 S.W.2d at 33. While
impermissible suggestiveness constitutes a violation of due process, suggestiveness on its own is
not unlawful. Id. We must examine the totality of the circumstances to determine whether the
identification was reliable so that its in-trial use does not offend the defendant's right to due
process of law. See id. at 32-3.

 Appellant does not cite, and we have been unable to locate Texas case law holding that in
the case of identical twin defendants, use of photo arrays for identification of both defendants
results in a violation of due process. In this case, the photo array presented included photos of
other men of similar age, and with similar stature, eyes, skin color, and hair styles as Appellant. 
Appellant's twin brother's picture was not included in the array with his own photo. In addition,
Appellant does not specify, and the record is not clear as to whether his photo was the first or
second identified by Mr. Salas. Under these circumstances, the photo lineup was not
impermissibly suggestive. Therefore, the trial court did not abuse its discretion by denying
Appellant's motion to suppress on this ground. Issue One is overruled.

 In Issue Two, Appellant contends that the trial court abused its discretion by admitting
portions of Mr. Moreno's witness statement into evidence over Appellant's attorney's hearsay
and improper impeachment objections. Specifically, Appellant argues the State offered the
redacted witness statement for the sole purpose of placing the contents of the statement into
evidence. The State responds by asserting that this argument has not been properly preserved for
our review.

 Texas Rule of Evidence 613(a) allows a party to examine a witness concerning the
witness's prior written or oral statement provided that the witness is "told the contents of such
statement and the time and place and the person to whom it was made . . .," and that the witness
has an opportunity to explain or deny such statement. Tex.R.Evid. 613(a). A witness may be
impeached regardless of which party called him to testify. See Tex.R.Evid. 607. However, even
in cases where a party has laid the proper predicate for impeaching its own witness, a danger
remains that the party may attempt to use a prior inconsistent statement under the guise of
impeachement for the sole purpose of placing otherwise inadmissible evidence before the jury.
See Miranda v. State, 813 S.W.2d 724, 735 (Tex.App.--San Antonio 1991, pet. ref'd). To avoid
such a result, the opponent of the evidence must raise the prejudicial nature of such an
introduction, and object to the statement under Rule 403. See Camacho v. State, 864 S.W.2d
524, 533 (Tex.Crim.App. 1993). By the same token, a point of error which does not comport
with the objection made at trial, presents nothing for review. See Tex.R.App.P. 33.1; Wilson v.
State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002).

 State's Exhibit Seventy-Six contains a copy of Mr. Moreno's witness statement which
has been redacted so that only the statements which he contradicted at trial are visible. Defense
counsel made several objections to the admission of the document, but did not object under Rule
403, or express any specific concern that the document was being introduced through a "back
door" method, in order to place inadmissible evidence before the jury. Therefore, Appellant's
objections did not preserve this issue for review. Issue Two is overruled.

 Issues Three and Four challenge the legal and factual sufficiency of the evidence
supporting Appellant's conviction. Appellant argues the State failed to carry its burden to prove
that a knife was used during the attack. He also argues that the State's failure to connect him to
the crime scene with DNA evidence, and the "less than credible" witness identifications render
the evidence insufficient to support the trial court's judgment.

 In a legal sufficiency review, we must consider all of the evidence in a light most
favorable to the verdict, and determine whether a reasonable minded juror could have found the
essential elements were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Hooper v. State, 214 S.W.3d 9, 13
(Tex.Crim.App. 2007). We must give deference to "the responsibility of the trier of fact to fairly
resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts." Hooper, 214 S.W.3d at 13.

 In a factual sufficiency review, we consider all the evidence in a neutral light. Roberts v.
State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the
evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly
unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and
preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. 
Id. We cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards
simply because, based on the quantum of evidence admitted, we would have voted to acquit. 
Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Nor can we declare that a conflict
in the evidence justifies a new trial because we disagree with the jury's resolution of the conflict.
Id. A new trial will only be granted when the reviewing court determines, on an objective basis,
that the great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
addition, our review should not substantially intrude upon the fact finder's role as the sole judge
of the weight and credibility given to witness testimony. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); see also Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)
(factual sufficiency review still requires "due deference" be given to the jury's determinations). 

 To establish an aggravated assault offense, the State must prove the defendant
intentionally and knowingly or recklessly caused serious bodily injury to another or used or
exhibited a deadly weapon during the commission of the assault. Tex.Penal Code Ann.
§ 22.02 (Vernon Supp. 2008). When the indictment alleges a complete offense on its face, the
State is bound by the theory alleged, as is the reviewing court in its sufficiency analysis. Rojas v.
State, 986 S.W.2d 241, 246 (Tex.Crim.App. 1998).

 In this case, the indictment included the allegation that Appellant committed the
aggravated assault with a knife. Appellant argues that because a knife was never recovered, the
State failed to satisfy the terms of the indictment, and the evidence is insufficient. While we
agree that the State did not produce a knife as evidence at trial, there is other evidence in the
record supporting the allegation that a knife was used in the assault. Mr. Moreno testified that he
believed his friend was the victim of a knife attack, and stated that one of the defendant's
brandished a knife when he attempted to help Mr. Salas. The emergency room physician who
treated Mr. Salas testified that the wound was consistent with a knife attack or an attack utilizing
an "sharp object" or "anything with a sharp edge." The jury, as the sole trier of witness
credibility and weight to be given testimony, could reasonably have determined based on
Mr. Moreno's account and the doctor's testimony that a knife was used in the attack. See
Johnson, 23 S.W.3d at 7. In addition, Mr. Moreno's testimony that he witnessed Appellant and
his brother chase and attack Mr. Salas, along with Mr. Salas's own identification of the twins as
his attackers, could have lead the jury to reasonably conclude that Appellant committed the
offense charged despite the lack of DNA evidence linking Appellant to the crime. We conclude
that the record, viewed either in a neutral light or in a light most favorable to the verdict, contains
legally and factually sufficient evidence to support Appellant's conviction for aggravated assault. 
Accordingly, we overrule Issues Three and Four.

 Having overruled all of the issues Appellant has raised for review, we affirm the trial
court's judgment.


March 26, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)
1. Appellant's twin brother, Sergio Carrillo, was tried and convicted by the same jury. 
Sergio Carrillo also appealed his conviction. See Carrillo v. State, 08-07-00011-CR (Tex.App.--El Paso March 26, 2009, no pet. h.).